**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY**

| | |
|---|---|
| GREEN COUNTY FISCAL COURT, ON BEHALF OF GREEN COUNTY; BRECKINRIDGE COUNTY FISCAL COURT, ON BEHALF OF BRECKINRIDGE COUNTY; HARDIN COUNTY FISCAL COURT, ON BEHALF OF HARDIN COUNTY; MEADE COUNTY FISCAL COURT, ON BEHALF OF MEADE COUNTY; MENIFEE COUNTY. FISCAL COURT, ON BEHALF OF MENIFEE COUNTY; NELSON COUNTY FISCAL COURT, ON BEHALF OF NELSON COUNTY; OHIO COUNTY FISCAL COURT, ON BEHALF OF OHIO COUNTY; WASHINGTON COUNTY FISCAL COURT, ON BEHALF OF WASHINGTON COUNTY; ON BEHALF OF THEMSELVES AND ALL OTHER SIMILARLY SITUATED KENTUCKY COUNTY FISCAL COURTS, <br><br> AND, <br><br> CITY OF HENDERSON, KENTUCKY, ON BEHALF OF ITSELF AND ALL OTHER SIMILARLY SITUATED KENTUCKY HOME RULE CITIES, <br><br>                     Plaintiffs, <br><br> MCKINSEY & COMPANY, INC. UNITED STATES, AND MCKINSEY & COMPANY, INC. WASHINGTON D.C. <br><br>                     Defendants. | Case No.  1:21-cv-35-GNS <br> (State Court Case No. 21-CI-00012) <br> (Circuit Court of Green County) |

1

## JOINT NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendants McKinsey & Company, Inc. and McKinsey & Company, Inc. Washington D.C. (collectively "McKinsey") remove the above-captioned action pending in the Circuit Court of Green County, Commonwealth of Kentucky, to the United States District Court for the Western District of Kentucky. By filing this Joint Notice of Removal, McKinsey does not waive any defense available to it and reserves all such defenses, including but not limited to lack of personal jurisdiction. If any question arises as to the propriety of the removal to this Court, McKinsey requests the opportunity to present a brief and oral argument in support of its position that this case has been properly removed.

## GROUNDS FOR REMOVAL

### I.      Federal Diversity Jurisdiction

1. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332. Accordingly, this case may be removed pursuant to 28 U.S.C. § 1441 because (i) removal is timely, (ii) there is complete diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332(c)(1), (iii) the amount in controversy requirement set forth in 28 U.S.C. § 1332(a) is satisfied, and (iv) this Court is the proper venue.

####    A.      Removal is timely.

2. Plaintiffs' Complaint has not yet been validly served upon McKinsey; as a result, the 30-day period within which to file a Notice of Removal under 28 U.S.C. § 1446(b) has not begun, and this Joint Notice of Removal is therefore timely filed. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 119 S. Ct. 1322, 1328-29, 143 L. Ed. 2d 448, 459-60 (1999) (30-day removal deadline runs from formal service of summons and complaint); *see also Novak v. Bank of*

*N.Y. Mellon Trust Co.*, 783 F.3d 910, 911 & n.1 (1st Cir. 2015) (non-forum defendant may remove prior to formal service).

### B. There is complete diversity of citizenship.

3. Plaintiffs and all putative class members are citizens of the Commonwealth of Kentucky.

4. McKinsey & Company, Inc. United States is a Delaware corporation with its principal place of business in New York, New York. (Complaint at ¶ 29).

5. McKinsey & Company, Inc. Washington D.C. is a Delaware corporation with its principal place of business in Washington D.C. (*Id.* at ¶¶ 217, 29).

### C. The amount in controversy requirement is satisfied.

6. In accordance with Kentucky law, Plaintiffs' Complaint does not demand a specific dollar amount in damages. (*Id.*, unnumbered "Prayer for Relief," pp. 65-66). Because Kentucky practice does not permit demands for a specific sum, this Joint Notice of Removal may assert the amount in controversy. 28 U.S.C. § 1446(c)(2)(A)(ii). Additionally, as the United States Supreme Court has clarified, removing defendants need only make a "short and plain statement" demonstrating that the amount in controversy exceeds $75,000. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014); *see also, e.g., Aldrich v. Univ. of Phoenix, Inc.*, 2015 U.S. Dist. LEXIS 137916, at *17 (W.D. Ky. Oct. 9, 2015).

7. Here, the claims of each Plaintiff and member of the putative class exceed $75,000, exclusive of interest and costs. Further, to the extent necessary, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over any claims by putative class members that do not satisfy the amount in controversy requirement because, as set forth herein, the named Plaintiffs'

claims exceed the $75,000.  *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558, 125 S. Ct. 2611, 2620, (2005).

8. First, Plaintiffs seek actual damages caused by the opioid epidemic, including but not limited to (1) costs for providing medical care, additional therapeutic and prescription drug purchases, and other treatments for patients suffering from opioid-related addiction or disease, including overdoses and deaths; (2) costs for providing treatment, counseling and rehabilitation services, (3) costs for providing treatment of infants born with opioid-related medical conditions, (4) costs of providing care for children whose parents suffer from opioid-related disability or incapacitation, (5) costs associated with law enforcement and public safety relating to the opioid epidemic, and (6) costs associated with drug court and other resources expended through the judicial system.  (Complaint, p. 65, unnumbered "Prayer for Relief").

9. Additionally, Plaintiffs seek compensation for past and future costs to remediate the ongoing public nuisance caused by the opioid epidemic.  (*Id.*)

10. Plaintiffs also seek punitive damages.[1]  (*Id.*).

11. Finally, Plaintiffs seek attorney fees, costs and expenses, and pre-judgment and post-judgment interest.  (*Id.*).

12. Based on the allegations in the Complaint of the supposedly massive effect on Plaintiffs from the opioid crisis, and on public statements by counsel for plaintiffs in this and/or related matters, it is clear that Plaintiffs seek to recover far in excess of $75,000 for each of themselves exclusive of interest and costs.[2]  Although McKinsey disputes Plaintiffs' allegations

---

[1] *See Johnson v. Fifth Third Bank, Inc.*, 2012 U.S. Dist. LEXIS 73172, *6 (W.D. Ky. May 23, 2012) (internal citation omitted)("Claims for punitive damages should be included in the amount-in-controversy calculation, 'unless it is apparent to a legal certainty that such cannot be recovered.'")

[2] *See, e.g.*, Jeff Overley, *McKinsey Deal Renews Friction Among AGs and Opioid Attys*, LAW360 (Feb. 4, 2021, 10:32 PM), https://www.law360.com/articles/1352282/mckinsey-deal-renews-friction-among-ags-and-opioid-attys. (plaintiffs' counsel arguing that McKinsey's $600 million settlement with State Attorneys General was insufficient and that McKinsey's "liability should be closer to $2 billion.")

and denies Plaintiffs are entitled to any damages in this action, the amount in controversy needed for federal jurisdiction is more than satisfied.

    **D.**  **Venue and other requirements are satisfied.**

   13.  Removal to this Court is proper under 28 U.S.C. § 1441(a) because the Circuit Court of Green County, Commonwealth of Kentucky, is located within this District. 28 U.S.C. § 116(c).

   14.  In accordance with 28 U.S.C. § 1446(d), concurrently with filing this Joint Notice of Removal, McKinsey is providing written notice of the removal of this action to Plaintiffs and will promptly file a copy of this Joint Notice of Removal with the clerk of the Circuit Court of Green County.

   15.  For the Court's convenience, a copy of the state court file is attached hereto as Exhibit A.

   16.  For the foregoing reasons, federal jurisdiction exists under 28 U.S.C. § 1332(a), and removal is appropriate under 28 U.S.C. § 1441(a), (b).

**II.**  **Class Action Fairness Act of 2005 ("CAFA")**

   17.  It is widely accepted that both CAFA and traditional diversity jurisdiction are available to class action litigants: "CAFA does not displace conventional diversity class action rules; it augments them. Therefore, federal subject matter jurisdiction over a class action may be premised on either the conventional diversity rules or on CAFA." *Aldrich v. Univ. of Phoenix, Inc.*, 2015 U.S. Dist. LEXIS 137916, *6 (internal citations omitted).

   18.  This case may be removed under CAFA because: (i) the putative class has more than 100 members, (ii) the parties are minimally diverse, and (iii) the amount in controversy

exceeds the sum or value of $5,000,000.  *See Graiser v. Visionworks of Am., Inc.,* 819 F.3d 277, 282 (6th Cir. 2016) (quoting *Std. Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013)).

### A.     The putative class has more than 100 members.

19.     Plaintiffs allege there are approximately 535 putative class members.  (Complaint at ¶¶ 217-19).

### B.     There is minimal diversity of citizenship.

CAFA requires only minimal diversity.  Minimal diversity exists when at least one member of the proposed class is a citizen of a different state than at least one defendant.  28 U.S.C. § 1332(d)(2)(A).  Here, minimal diversity is satisfied, as neither Defendant is a citizen of Kentucky, while Plaintiffs and all putative class members are citizens of Kentucky.  (Complaint at ¶¶ 29, 217-18).

### C.     The amount in controversy requirement is satisfied.

20.     Under CAFA, the claims of each individual class member are aggregated to determine whether the amount in controversy exceeds $5,000,000.  Courts measure the "amount in controversy" by determining the "value of the object of litigation."  *Northup Props., Inc. v. Chesapeake Appalachia, LLC*, 567 F.3d 767, 770 (6th Cir. 2009).  The value "is not necessarily the money judgment sought or recovered but rather the value of the consequences which may result from the litigation."  *Freeland v. Liberty Mut. Fire Ins. Co.*, 632 F.3d 250, 253 (6th Cir. 2011). To invoke federal jurisdiction under CAFA, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin* 135 S. Ct. at 554.  "Evidence establishing the amount is required by [28 U.S.C] § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*  When the plaintiff does not specify the amount of damages sought, the defendant may rely on

the allegations in the Complaint to estimate the amount of potential damages and show that the amount controversy is satisfied.  *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 573 (6th Cir. 2001).

21. In the Complaint, Plaintiffs do not allege any specific amount of damages, although they seek several categories of relief.  Each form of relief must be considered in determining whether the amount in controversy exceeds the jurisdictional threshold under CAFA.

22. As previously discussed, Plaintiffs seek actual damages caused by the opioid epidemic, as well as compensation for past and future costs to remediate the ongoing public nuisance caused by the opioid epidemic, punitive damages,[3] attorney fees, costs and expenses, and pre-judgment and post-judgment interest.  (Complaint, p. 65, unnumbered "Prayer for Relief").

23. The allegations in the Complaint, along with public statements by counsel for plaintiffs in this and/or related matters, plainly put the amount in controversy well beyond $5,000,000.

## Conclusion

For the foregoing reasons, and based on the allegations in Plaintiffs' Complaint, as fairly construed, and other available information, this Court has removal jurisdiction over this action under traditional diversity jurisdiction and CAFA, and this matter is properly removed to this Court.

---

[3] *See Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 408 ( 6th Cir. 2007) ("As a general rule, this jurisdictional analysis [under CAFA] must also take into account the ability of Plaintiffs and the putative class to recover punitive damages, 'unless it is apparent to a legal certainty that such cannot be recovered.'") (quoting *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572) (6th Cir. 2001).

        Respectfully submitted,

        /s/  Kara M. Stewart
        Linsey W. West (State Bar No. 81322)
        Kara M. Stewart (State Bar No. 88018)
        DINSMORE & SHOHL LLP
        City Center
        100 W. Main St., Suite 900
        Lexington, KY 40507
        (859) 244-7100
        (859) 425-1099 (fax)
        lin.west@dinsmore.com
        kara.stewart@dinsmore.com

        *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of March, 2021, I electronically filed the foregoing with the United States District Court for the Western District of Kentucky, and a true and correct copy of the foregoing has been served upon the following, by electronic mail, on this the 2nd day of March, 2021:

William D. Nefzger
Bahe Cook Cantley & Nefzger PLC
1041 Goss Avenue
Louisville, KY 40217
will@bccnlaw.com

-and-

Michael D. Grabhorn
Andrew M. Grabhorn
Grabhorn Law
2525 Nelson Miller Parkway, Suite 107
Louisville, KY 40223
m.grabhorn@grabhornlaw.com
a.grabhorn@grabhorn.law.com

*Counsel for Plaintiffs*

/s/  *Kara M. Stewart*
*Counsel for Defendants*

9